IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SHEKEARA ADMORE, Individually
and on behalf of others similarly situated,

    Plaintiff,

vs.

HOSPICE OF PALM BEACH COUNTY,
INC. d/b/a TRUSTBRIDGE HOSPICE
FOUNDATION, INC.,

    Defendant.
_____/

CASE NO.:

**CLASS ALLEGATIONS**

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, SHEKEARA ADMORE ("Plaintiff" or "Admore"), by and through undersigned attorneys, and on behalf of herself and all others similarly situated, hereby sues the Defendant, HOSPICE OF PALM BEACH COUNTY, INC. d/b/a TRUSTBRIDGE HOSPICE FOUNDATION, INC. ("Defendant" or "Hospice"), and alleges as follows:

**INTRODUCTION**

1. Defendant, HOSPICE OF PALM BEACH COUNTY, INC. d/b/a TRUSTBRIDGE HOSPICE FOUNDATION, INC. ("Defendant"), is a Florida corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout Florida.

2. Plaintiff applied, was hired, and performed work for Defendant.

3. During the application process, Plaintiff filled out Defendant's standard application form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

4. Plaintiff now brings this Class Action on behalf of herself and a nationwide class, defined as:

> "all individuals for whom an application for employment was procured by Defendant during the period beginning 2 years before filing the Complaint and ending on the date as determined by the Court." (the "Proposed Class")

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681 of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FRCA").

6. Venue is proper in this district pursuant 28 U.S.C. 1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## THE PARTIES

A. PLAINTIFF

7. Plaintiff applied to work for Defendant on or about January 30, 2017, in West Palm Beach County, Florida.

8. Plaintiff completed Defendant's standard application form including an authorization to obtain a consumer report as defined by the FCRA.

9. Plaintiff was hired and began work for Defendant on or about February 27, 2017, as a RN Floating Manager.

10. Plaintiff was confused by the standard application form and did not understand that Defendant would be requesting a "consumer report" as defined by the FCRA. Nonetheless, upon information and belief, Defendant then secured a consumer report.

11. Plaintiff discovered the FCRA violations that form the basis of this suit after November 5, 2020, when Defendant produced her personnel file in connection with other pending

2

litigation.

      B.      **DEFENDANT**

12. Defendant is a Florida corporation. At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of Florida including hiring employees such as Plaintiff.

13. Defendant's entity address is listed with the Florida Secretary of State as 5300 East Avenue, West Palm Beach, FL 33407.

14. With respect to the events at issue in this case, Defendant acted as the employer of Plaintiff and all other persons similarly situated. As the employer, Defendant is liable for the violations of law described in this Complaint.

## NATURE OF THE ACTION

15. The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background or reference checks referred to as "consumer reports," the FCRA provides that a prospective employee must give valid consent to the background or reference checks. The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form.

16. Importantly, no extraneous information can be attached or included on the consent form. The authorization and disclosure must stand-alone. Here, Defendant included extraneous information by including the authorization and consent in its standard 2-page employment application. In addition, the authorization included an impermissible release of liability.

17. In violation of 15 U.S.C. § 1681b(b)(2)(A)(i), Defendant has unlawfully inserted liability release provisions into its standard application form purporting to grant Defendant the authority to obtain and use consumer report information for employment purposes for Plaintiff and

3

all Proposed Class Members. The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand-alone forms, and not include any additional information or agreements. Defendant's decision to include liability release provisions in its standard application form is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

18. The inclusion of the liability waiver in Defendant's standard application form invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 per violation for each applicant, as well as punitive damages, equitable relief, and attorneys' fees and costs.

19. In addition, Defendant's failure to secure signed disclosure and authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that Defendant procured a consumer report without a facially valid, executed authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

## FACTUAL ALLEGATIONS

20. Plaintiff applied to work for Defendant. Plaintiff filled out Defendant's standard application form permitting Defendant to obtain a consumer report as defined by the FCRA verifying Plaintiff's background and experience.

21. Plaintiff was confused by the standard application form and did not understand that Defendant would be requesting a "consumer report" as defined in the FCRA. *(Attached as Exhibit "A")*

22. Defendant's standard application form states: "I freely authorize Trustbridge or an authorized designee, to conduct a personal background investigation, which will include character

4

education, driving and criminal records only and hereby release the Company from any liability as a result of such information."

23. Upon information and belief, Defendant required all applicants to complete the same standard application permitting Defendant to obtain a consumer report and containing a liability release.

24. The inclusion of this liability release provision in Defendant's standard application form permitting Defendant to obtain a consumer report violates the FCRA, 15 U.S.C. § 1681 *et seq*.

25. The FTC has specifically warned that the including of a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. § 1681b(b)(2)(A), which requires that a disclosure consist solely of the disclosure that a consumer report may be obtained for employment purposes.

26. This requirement is meant to prevent the consumer from being distracted by other extraneous information with this very important disclosure. The disclosure shall not be diminished in importance by including unrelated information. The disclosure must be clear and conspicuous, understandable, and noticeable.

27. By including a liability release in its standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience, Defendant's conduct is contrary to the plain language of the statute. Defendant willfully disregarded the FTC's regulatory guidance and violated 15 U.S.C. § 1681b(b)(2)(A).

28. Defendant's failure to provide a clear disclosure, in a document that consists solely of the disclosure, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. section 1682b(n)(2)(A)(i)-(ii). Because Defendant

unlawfully included extraneous information in its standard form permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience, Plaintiff was confused by the standard form document and did not understand that Defendant would be requesting a "consumer report" as defined in the FCRA.

## THE CLASS

29. Plaintiff brings this Action on behalf of himself and all other similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as class action. Plaintiff seeks to represent a putative class composed of and defined as follows:

> "all individuals for whom an application for employment was required by Defendant during the period beginning 2 years before filing the Complaint and ending on the date as determined by the Court." (the "Proposed Class")

30. Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

31. Defendant, as a matter of corporate policy, practice, and procedure, in violation of 15 U.S.C. § 1681, et seq., intentionally, knowingly, and willfully, engaged in a practice whereby Defendant uniformly, unfairly, and unlawfully, instituted a policy of including a liability release in its standard application form.

32. Defendant uniformly violated the rights of the Proposed Class by violating the FCRA 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii) by including a liability release in its standard application form.

33. This class action on behalf of members of the Proposed Class meets the statutory prerequisites of the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the

6

F.R.C.P.

    A.    <u>Numerosity</u>

34. The Proposed Class is so numerous that joinder of all class members is impracticable. While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered in the 100's.

35. Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class.

    B.    <u>Commonality</u>

36. There are questions of law and fact common to the Proposed Cass that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

    a.    Whether Defendant required members of the Proposed Class to fill out a standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience;

    b.    Whether Defendant's standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience complies with 15 U.S.C. § 1681, et seq.;

    c.    Whether Defendant violated 15 U.S.C. § 1681, et seq. by including a liability release in its standard application form permitting Defendant to obtain a consumer report verifying the applicant's background and experience;

    d.    Whether Defendant violated 15 U.S.C. § 1681, et seq. by procuring consumer reports without valid authorization; and

    e. Whether Defendant's violations of 15 U.S.C. § 1681, et seq. were willful.

 C. <u>Typicality</u>

 37. The claims of the named Plaintiff are typical of claims of the members of the Proposed Class.

 38. Plaintiff is a member of the Proposed Class. Plaintiff was an applicant and filled out Defendant's standard application form permitting Defendant to obtain a consumer report verifying an applicant's background and experience during her application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed Class.

 39. Plaintiff and other members of the Proposed Class suffered the same injuries and seek the same relief.

 D. <u>Adequacy of Representation</u>

 40. Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

 41. Counsel for Plaintiff are competent and experienced in litigating large complex employment and wage and hour class actions.

 E. <u>Predominance and Superiority of Class Action</u>

 42. A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Proposed Class.

 43. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

action that would preclude its maintenance as a class action.

44. Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Class to seek and obtain relief. Moreover, a class action will serve an important public interest in permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

**FIRST CAUSE OF ACTION**
**FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**
**[15 U.S.C. § 1681b(b)(2)(A)(I), ET SEQ.]**
**(BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST DEFENDANT)**

45. Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

46. Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA by including a liability release in its standard application form permitting it to obtain a consumer report verifying an applicant's background and experience that Defendant required Plaintiff and all other members of the Proposed Class to fill out as a condition of seeking employment with Defendant.

47. The violations of the FCRA were willful. Defendant knew that its standard application form permitting it to obtain a consumer report verifying an applicant's background and experience should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of Plaintiff and all other members of the Proposed Class under 15 U.S.C. § 1681b(b)(2)(A)(i).

48. Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

49. Plaintiff and all other members of the Proposed Class are entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

50. Plaintiff and all other members of the Proposed Class are further entitled to recovery their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against the Defendant, jointly and severally, as follows:

1. On behalf of the Proposed Class:

   A. That the Court certify the Cause of Action asserted by the Proposed Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

   B. A determination and judgment that Defendant willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA by improperly including liability release language in its standard application form permitting it to obtain a consumer report verifying an applicant's background and experience and by obtaining consumer reports on Plaintiff and all other members of the Proposed Class without having proper authorization to do so;

   C. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and all other members of the Proposed Class in an amount equal to $1,000 for Plaintiff and all other members of the Proposed Class for each violation of the FCRA;

   D. An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and

    E.      Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

51.      Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 11, 2021

                            **FLORIN GRAY BOUZAS OWENS, LLC**

                            */s/Christopher D. Gray*
                            **CHRISTOPHER D. GRAY, ESQUIRE**
                            Florida Bar No.: 902004
                            Primary: chris@fgbolaw.com
                            Secondary: debbie@fgbolaw.com
                            **WOLFGANG M. FLORIN, ESQUIRE**
                            Florida Bar No.: 907804
                            wolfgang@fgbolaw.com
                            16524 Pointe Village Drive, Suite 100
                            Lutz, FL 33558
                            Telephone (727) 254-5255
                            Facsimile (727) 483-7942
                            Attorneys for Plaintiff