UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80047-CV-BER

SHAKEARA ADMORE,

        Plaintiff,

v.

HOSPICE OF PALM BEACH COUNTY, INC.,

        Defendant.
_____/

## ORDER ON MOTION FOR BILL OF COSTS (ECF No. 125)

Defendant, Hospice of Palm Beach County, Inc. ("Hospice"), says it is entitled to reimbursement of its costs for prevailing on Ms. Admore's claims. ECF No. 126. I have reviewed Hospice's Motion for Bill of Costs (ECF No. 125), Hospice's Memorandum in Support of its Bill of Costs (ECF No. 126), Ms. Admore's Response (ECF No. 130), and Hospice's Reply (ECF No. 133). For the reasons that follow, Hospice's Motion for Bill of Costs is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

On June 6, 2022, a three-day jury trial began on Ms. Admore's claims against Hospice for Family Medical Leave Act ("FMLA") Interference, FMLA Retaliation, and violation of the Fair Credit Reporting Act ("FCRA"). ECF No. 101. At the close of Ms. Admore's case, I dismissed her FCRA claim based on insufficient evidence that Hospice used a credit reporting agency that affected interstate commerce and insufficient evidence that she could not have learned of the FCRA violation sooner

through the exercise of due diligence. On June 9, 2022, the jury rendered a verdict in favor of Hospice on Ms. Admore's claims for FMLA Interference and FMLA Retaliation. ECF No. 112. I entered final judgment in favor of Hospice and against Ms. Admore on June 10, 2022. ECF No. 115. Thereafter, Hospice filed a Motion for Bill of Costs seeking reimbursement of $10,991.82. ECF No. 125.

## DISCUSSION

1. *Prevailing Party*

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). A "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, the Court entered judgment in Hospice's favor; therefore, Hospice is the prevailing party entitled to costs. *See Eugene v. 3Don & Partner Estate Grp., LLC*, No. 07-80439-CIV, 2009 WL 996016, at *12 (S.D. Fla. Apr. 14, 2009) (J. Hurley) (where plaintiff received a judgment in her favor, court found she was the prevailing party entitled to costs).

2. *Taxable Costs*

Courts may only tax costs as authorized by statute. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). "Section 1920 enumerates expenses that a federal

court may tax as a cost under the discretionary authority found in Rule 54(d)."

*Crawford Fitting Co.*, 482 U.S. at 441-442. This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Hospice seeks to recover the following as taxable costs: $540.60 for process server fees, $9,571.47 for transcripts, and $879.75 for printed documents and copies.

    a. Process Server Fees

Private process server fees may be taxed pursuant to § 1920. *W&O, Inc.*, 213 F.3d at 624. Such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshal's Service charges for service of process. *Khoury v. Miami-Dade Cty. Sch. Bd.*, No. 16-20680-CIV, 2018 WL 7150192, at *3 (S.D. Fla. Nov. 28, 2018) (J. Otazo-Reyes), *report and recommendation adopted*, 2019 WL 399898 (S.D. Fla. Jan. 31, 2019) (J. Scola) (citing *Emery v. Allied Pilots Assoc.*, No. 14-80518-CIV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017)). Neither rush fees nor costs for attempting to serve the same individual at different addresses are generally recoverable under Section 1920. *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV,

2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014) (J. Rosenbaum); *Dewitt v. Daley*, No. 05-61418-CIV, 2007 WL 9698322, at *7 (S.D. Fla. Nov. 29, 2007) (J. O'Sullivan), *report and recommendation adopted,* 2007 WL 9698332 (S.D. Fla. Dec. 17, 2007) (J. Ungaro).

Here, Hospice seeks to recover private service of process costs in the amount of $540.60 for twelve subpoenas at varying rates per subpoena. ECF No. 125-1. Hospice seeks to recover at the rate of $50.00 for the subpoena served on SSMW, LLC d/b/a Home Instead Senior Care ("SSMW"), $75.00 for the subpoena served on Healthmap Solutions, $100.60 for the second of two subpoenas served on Kimberly Wier, and $35.00 per subpoena for the subpoenas served on Five Star Home Care, Trilogy Home Healthcare, Interim Healthcare Inc., Activa Home Health, Dr. Thomas Rupolo,[1] Dr. Mirta Galante, Dr. Jyoti Mohanty, Veronica Zirtidis, and the initial subpoena served on Ms. Wier. *Id.*

Ms. Admore argues that Hospice is not entitled to recover its costs for the subpoenas served on Dr. Rupolo and Dr. Mohanty because Hospice failed to explain why the subpoenas were necessary for use in the case. ECF No. 130 at 2. She further argues that Hospice's recovery of its costs for the Healthmap Solutions subpoena and the second subpoena served on Ms. Wier should be limited to the standard hourly

---

[1] In reference to the same individual, the parties refer to a Thomas Rupolos DC and a Dr. Thomas Rupolo. *Compare, e.g.,* ECF No. 130 at 2 *with* ECF No. 133 at 1. The Court's independent research suggests the proper spelling of the physician's last name is Rupolo. *See Team*, LAKECLARKCHIRO.COM, https//www.lakeclarkechiro.com/team (last visited Sept. 26, 2022).

4

rate charged by the U.S. Marshal's Service.[2] ECF No. 130 at 2. Although not raised by Ms. Admore, Hospice does not explain why it seeks reimbursement for multiple subpoenas served on Ms. Wier.[3]

Hospice counters that Dr. Rupolo was served because "Plaintiff stated he 'examined, treated, or conducted medical tests' that were 'related to [her] medical leave'" and Dr. Mohanty was served because "Plaintiff testified Hospice caused her to suffer ailments that required him to perform testing on her." ECF No. 133 at 1. Based on the nature of Ms. Admore's claims, it was reasonable for Hospice to subpoena Ms. Admore's physicians, Dr. Mohanty and Dr. Rupolo, and Hospice is entitled to recover the costs of those subpoenas.

Hospice does not offer any explanation for seeking reimbursement of fees that exceed the bounds of 28 U.S.C. § 1920(1). Hospice likewise fails to explain why it was necessary or reasonable to serve Ms. Wier with two subpoenas. The Court has an independent obligation to ensure that the costs awarded are taxable under § 1920. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. Feb. 2, 2015) (J. Rosenberg) ("[T]he Court has an independent obligation to review . . . bills of costs to independently determine whether . . . the costs sought to be taxed are properly taxable pursuant to the cost statute."). Because Hospice fails to explain why it was

---

[2] The invoices for the Healthmap Solutions subpoena and the second Ms. Wier subpoena include increased fees for out of county and priority service. ECF No. 125-1 at 1-2.

[3] The first subpoena was directed to "Kimberly Wier RN, Executive Vice President Triolgy [sic] Home Healthcare" and was served on June 25, 2021, at a rate of $35.00. ECF No. 125-1 at 11. The second subpoena was directed to "Kimberly Wier" and was served on March 11, 2022, at a rate of $100.60. ECF No. 125-1 at 2.

required to subpoena Ms. Wier multiple times, it is not entitled to recover its costs for both subpoenas served on Ms. Wier. *See Gould v. Carnival Corp.*, No. 19-cv-20289, 2022 WL 742737, at *5 (S.D. Fla. Mar. 10, 2022) (J. Goodman) (limiting defendant's recovery of its costs to service of one subpoena per provider or entity where defendant failed to explain why it needed to subpoena the same entity multiple times). Thus, Hospice will only be permitted to recover its costs for the service of the initial subpoena directed to Ms. Wier. Further, Hospice's recovery for the subpoena served on Healthmap Solutions is limited to the rate charged by the U.S. Marshal's Service. Accordingly, Hospice is entitled to recover $430.00 for its costs associated with the service of the subpoenas ($65.00 for the Healthmap Solutions subpoena, $50.00 for the SSMW subpoena, and $35.00 for each of the remaining nine subpoenas, including the initial subpoena served on Ms. Wier).

    b. Transcripts

Printed transcripts and the stenographer's attendance fee for necessarily obtained transcripts are taxable. *George v. Fla. Dept. of Corrections*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008) (J. Rosenbaum), *report and recommendation adopted in part*, 2008 WL 11412061 (S.D. Fla. July 7, 2008) (J. Dimitrouleas) (finding that costs for deposition transcripts necessarily obtained for use in the case are recoverable under § 1920); *Whittier v. City of Sunrise*, No. 07-60476-CIV, 2008 WL 5765868, at *5 (S.D. Fla. Dec. 3, 2008) (J. Rosenbaum), *report and recommendation adopted in part*, 2009 WL 799432 (S.D. Fla. Mar. 24, 2009)

(J. Dimitrouleas) (finding that under § 1920, the transcript and attendance fee of the court reporter are recoverable).

Hospice seeks $9,571.47 for deposition transcript costs it incurred for use in the case. ECF No. 125. Ms. Admore does not dispute that these transcripts were necessarily obtained for use in the case. Instead, Ms. Admore argues that Hospice seeks deposition fees that are not recoverable. ECF No. 130 at 3-5. The deposition fees that Ms. Admore argues are not recoverable include litigation support packages, fees for electronic processing/archival/delivery, B&W exhibit copies, and a blank invoice for $812.19 which fails to describe the cost incurred.[4] *Id.* at 4. Additionally, Ms. Admore argues Hospice's costs for invoices from Universal Court Reporting should be reduced by 50% because the invoices include charges for one original and one certified copy of each deposition transcript. *Id.* at 5.

Hospice counters that the deposition fees it seeks are recoverable and that it is entitled to the costs it incurred for the Universal Court Reporting transcripts because it only paid for a single copy of those transcripts. ECF No. 133 at 1-2. Hospice argues that the deposition exhibit copies are recoverable because they were offered to Ms. Admore's counsel for review and to the Court for consideration. *Id.* at 2. Hospice explains that the blank invoice for $812.19 is for the February 11, 2022, continued deposition of Ms. Admore and attaches the full invoice to its Reply. *Id.* Notably, the full invoice for Ms. Admore's continued deposition reflects a "Seven-day Expedite" fee

---

[4] The challenged fees were incurred for the depositions of Ms. Admore (ECF No. 125-2 at 1, 8, 11; ECF No. 133-3), Ms. Wier (ECF No. 125-2 at 10), Ms. Zirtidis (ECF No. 125-2 at 12), and Ms. Witting (ECF No. 125-2 at 13).

of $186.34. ECF No. 133-3. Hospice argues the expedited fee was necessary because the transcript was used to support Hospice's Motion to Show Cause and for trial preparation.[5] ECF No. 133 at 2. Hospice does not explain why the other generic deposition fees for the depositions of Ms. Admore, Ms. Wier, Ms. Zirtidis, and Ms. Witting were necessary rather than merely convenient.

I find that Hospice's claimed costs of $350.00 for litigation support packages and electronic processing, archival, and delivery fees for the depositions of Ms. Admore, Ms. Wier, Ms. Zirtidis, and Ms. Witting are not recoverable. *See Chase Bank USA, N.A. v. Jacucci*, No. 19-62318-CIV, 2021 WL 2689961, at *1 (S.D. Fla. Apr. 6, 2021) (J. Singhal) (disallowing recovery of costs incurred for litigation support packages and electronic processing and delivery). However, Hospice sufficiently explains why the expedited rate for Ms. Admore's final deposition transcript and the copies of exhibits for the depositions of Ms. Admore, Ms. Wier, and Ms. Witting were necessary rather than merely for the convenience of counsel. *See Embroidme.com, Inc. v. Travelers Property Cas. Co. of Am.*, No. 12-81250-CIV, 2014 WL 5325211, at *6 (S.D. Fla. Aug. 20, 2014) (J. Mara) (permitting recovery of the expedited rate for a deposition transcript because the prevailing party explained why the rate was necessary rather than simply convenient); *Yacht Club on Intercoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 10-81397-CV, 2013 WL 12249547, at *11 (S.D. Fla. Oct. 16, 2013) (J. Hopkins), *report and recommendation adopted*, 2013 WL 12249532 (S.D. Fla. Nov. 25, 2013) (J. Hurley) ("costs for exhibit copies from the depositions are

---

[5] Hospice's Motion to Show Cause was filed on March 1, 2022. ECF No. 75.

taxable as costs"). Additionally, it is not necessary to reduce Hospice's costs for the Universal Court Reporting transcripts because Hospice only received one copy of each transcript. Accordingly, I find that Hospice is entitled to recovery of its transcript costs in the amount of $9,221.47.

    c. Copying and Printing

Hospice seeks $879.75 for photocopies it received from third parties and for printing and copying costs it incurred preparing various trial materials. ECF No. 125-3. It is well settled that copies obtained only for the convenience of counsel are not recoverable. *W&O, Inc.*, 213 F.3d 600 at 623. The party moving for an award of printing and copying costs has the burden of showing that the costs were necessarily obtained for use in the case. *Eugene*, 2009 WL 996016, at *15 ("The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case"); *Gould*, 2022 WL 742737, at *8 (holding that the prevailing party had the burden to demonstrate how "printing costs were necessarily incurred in the case"). "Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Healthcare Res. Mgmt. Group, LLC v. Econatura All Healthy World, LLC*, No. 20-81501-CV, 2022 WL 1537769, at *3 (S.D. Fla. May 12, 2022) (J. Matthewman).

    i. *Photocopies from Third Parties*

Hospice seeks $120.25 for photocopies of records it received from Trilogy Home Healthcare ("Trilogy"), Advanced Cardiovascular Consultants, LLC ("Advanced

9

Cardiovascular"), and Flagler Medical Associates, P.A. ("Flagler Medical"). ECF No. 125-3 at 1-3. Ms. Admore argues that Hospice is not entitled to these costs because it failed to explain how these documents were necessary, relevant, or used in the case. ECF No. 130 at 7.

Hospice counters that the Trilogy records "were used as exhibits at trial, proved [Ms. Admore's] earnings while on leave, and supported [Hospice's] affirmative defenses." ECF No. 133 at 2. The Trilogy invoice reflects that Hospice paid a rate of $1.00 per page for the first 25 pages of Ms. Admore's employment records and $0.25 for an additional 120 pages, totaling $55.00. ECF No. 125-3 at 1. I find that Hospice has satisfied its burden to show that the records from Trilogy were necessarily obtained for use in the case. The rate of $1.00 per page for the first 25 pages of records, however, is unreasonable and Hospice fails to explain why it should recover its copying costs at a rate four-times the typical recovery rate in this district. *See Partners Biomedical Sols., LLC v. Saltsman*, No. 19-CV-81316, 2022 WL 393372, at *4 (S.D. Fla. Feb. 9, 2022) (J. Matthewman) ("Rates between $0.10 and $0.25 per page are recoverable.") (citations omitted). Accordingly, Hospice's award is reduced to $0.25 per page for the records it received from Trilogy, for a total of $36.25.

Hospice argues that the Advanced Cardiovascular records were necessary to Hospice's defense because Ms. Admore "testified Hospice caused her to suffer ailments that required [Dr. Mohanty] to perform testing on her."[6] ECF No. 133 at 1-2. In its Reply, Hospice provided an excerpt of Ms. Admore's December 17, 2020,

---

[6] According to Hospice, Advanced Cardiovascular employed Dr. Mohanty. ECF No. 133 at 2.

10

deposition transcript which indicates that Ms. Admore spoke to Dr. Mohanty about issues related to her medical leave from Hospice. ECF No. 133-2. The Advanced Cardiovascular invoice reflects that Hospice paid a rate of $1.00 per page for the first 25 pages of Ms. Admore's records and $0.25 for one additional page, totaling $25.25. ECF No. 125-3 at 2. Hospice received Ms. Admore's records from Advanced Cardiovascular less than two months after Ms. Admore's deposition. "Copy expenses are recoverable if 'the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.'" *Davis v. Cruise Operator, Inc.*, No. 16-cv-62391, 2017 WL 4347031, at *3 (S.D. Fla. Sept. 29, 2017) (J. Bloom) (citing *W&O, Inc.*, 213 F.3d at 623). I find that it was reasonable for Hospice to believe it was necessary to obtain the copies of Ms. Admore's records from Advanced Cardiovascular for use in the case. As discussed above, however, Hospice's recovery of its costs for these records is limited to $0.25 per page. *See Partners Biomedical Sols.*, 2022 WL 393372, at *4. Accordingly, Hospice is entitled to recover $6.50 for the records it received from Advanced Cardiovascular.

Finally, Hospice argues it is entitled to recover its costs for the Flagler Medical records because Flagler Medical employed the doctor who signed Ms. Admore's FMLA form, the records were used to evaluate Ms. Admore's claims, and the records were used as exhibits. ECF No. 133 at 2. To recover these costs, Hospice is required to provide a sufficient description of the documents to enable the Court to determine taxability. *See Davis*, 2017 WL 4347031, at *3. However, the Flagler Medical invoice fails to provide sufficient information for the Court to evaluate Hospice's entitlement

to reimbursement. The invoice does not provide the quantity of the documents copied, the copy rate, or a description of the documents. Hospice's memorandum in support of its Bill of Costs likewise fails to provide sufficient information for the Court to determine whether the rate paid for the copies was reasonable and the taxability of the requested cost. Accordingly, Hospice's request for its costs incurred for records from Flagler Medical is denied. *See id.* (denying request for costs where the "invoice fail[ed] to provide the Court with any relevant information, such as the quantity of documents copied, the copy rate, or a description of the documents").

    *ii. Trial Materials*

Hospice seeks $759.50 in printing and copying costs for trial exhibits, copies of trial exhibits, copies of Ms. Admore's deposition designations, binders, and large format prints. ECF No. 125-3 at 4. Ms. Admore argues that Hospice is not entitled to these costs because it failed to explain how these documents were necessary and because costs for binders and large format prints are not recoverable. ECF No. 130 at 7. Hospice counters that its printing and copying of documents, exemplifications, and exhibits was necessary for trial preparation and to ensure sufficient copies were available for all parties and the jury during trial. ECF No. 133 at 2-3. Hospice further explains that its large format prints were used at trial to allow the jury to view key documents with improved clarity and argues the prints are therefore recoverable. *Id.* at 3.

Hospice seeks $391.20 in printing costs for 2,608 black and white trial exhibits at a rate of $0.15 per copy and $84.00 for 112 color trial exhibits at a rate of $0.75 per

copy. ECF No. 125-3 at 4. Hospice further seeks $12.60 for 64 black and white "copies of trial exhibits" and four color copies of same. *Id.* "Insofar as the prevailing party demonstrates that the printing of exhibits was necessarily obtained for use in the case, "trial exhibits ... are expressly taxable." *Gould*, 2022 WL 742737, at *8. "Color printing, however, has been found to be merely 'for the convenience of counsel.'" *Id*. Hospice fails to explain why it required 116 of its pages to be printed in color. Moreover, Hospice fails to explain why 68 additional "copies of trial exhibits" were necessary for use in the case. Because Hospice fails to explain why the color copies and copies of trial exhibits were necessarily obtained for use in the case, its request for those copies is denied. *See id.* Accordingly, Hospice's award of costs for printing trial exhibits is limited to $391.20.

Next, Hospice seeks $209.40 for copies of Ms. Admore's deposition designations for presentation at trial. ECF No. 125-3 at 4. Ms. Admore argues that Hospice failed to meet its burden to show why these copies were necessarily obtained and states that Hospice did not in fact use the designations at trial. ECF No. 130 at 7. Hospice did not provide an explanation for the use or intended use of the deposition designations. Therefore, Hospice's request to recover its costs for copies of Ms. Admore's deposition designations is denied. *See Gould*, 2022 WL 742737, at *8.

Third, Hospice seeks $54.30 for two trial binders. ECF No. 125-3 at 4. However, trial binders are not recoverable under § 1920. *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment

of depositions or costs for binders, tabs, and technical labor"). Accordingly, Hospice's request to recover its costs for the trial binders is denied.

Finally, Hospice seeks $8.00 for two 30x40 large format prints. ECF No. 125-3 at 4. The costs of oversize documents are recoverable under § 1920(4). *See Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001). Thus, Hospice is entitled to recover its costs for the large format prints.

For these reasons, Hospice's request for printing and copying costs is reduced to $441.95 ($42.75 for photocopies from third parties, $391.20 for black and white trial exhibit printing costs, and $8.00 for two large format prints).

3. *Post-judgment Interest*

Hospice seeks post-judgment interest on its award of costs from the date of the final judgment, through the date of payment. ECF No. 126 at 2. Ms. Admore does not challenge Hospice's entitlement to post-judgment interest. Pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Accordingly, Hospice is entitled to post-judgment interest on its award of costs beginning June 10, 2022, the date of the final judgment. *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) ("When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.") (citing *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988).

## CONCLUSION

Based on the foregoing, Hospice's Motion for Bill of Costs (ECF No. 125) is **GRANTED IN PART AND DENIED IN PART.** Hospice is awarded its costs

pursuant to 28 U.S.C. § 1920 in the amount of $430.00 for process server fees, $9,221.47 for transcripts, and $441.95 for copying and printing costs, for a total of $10,093.42, with interest to run from June 10, 2022.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 28th day of September, 2022.

BRUCE E. REINHART
United States Magistrate Judge